FILED

2014 JAN -9 AM 10: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  William A. Hanssen (Bar No. 110613)
   Suzanne V. Stouder (Bar No. 161077)
2  DRINKER BIDDLE & REATH LLP
   1800 Century Park E, Suite 1400
3  Los Angeles, CA 90067
   Telephone:  (310) 203-4000
4  Facsimile:  (310) 229-1285
   william.hanssen@dbr.com
5  suzanne.stouder@dbr.com

6  and

7  Bonnie R. Cohen (Bar No. 94881)
   LAW OFFICES OF BONNIE R. COHEN
8  3096 Washington Street
   San Francisco CA  94115-1618
9  Telephone:  (415) 931-0928
   brcohen@att.net
10

11 Attorneys for Plaintiff
   FOREMOST GROUPS, INC. f/k/a
12 FOREMOST INTERNATIONAL TRADING
   CO., INC.

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 FOREMOST GROUPS, INC. f/k/a          Case No. CV 14 - 00188 - SVW
   FOREMOST INTERNATIONAL              (RZx)
17 TRADING CO., INC.,
                                       COMPLAINT FOR:
18            Plaintiff,
                                       (1) INTENTIONAL INTERFERENCE
19       vs.                               WITH PROSPECTIVE ECONOMIC
                                           ADVANTAGE;
20 TANGSHAN AYERS BATH                  (2) TORTIOUS INTERFERENCE WITH
   EQUIPMENT CO., LTD.,                     CONTRACTUAL RELATIONS;
21                                      (3) UNFAIR COMPETITION UNDER
              Defendant.                    STATE LAW [Cal. B&P Code
22                                          §17200]; and
23                                      (4) UNFAIR COMPETITION UNDER
                                           STATE LAW.
24

25                                     Jury Trial Demanded
26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                    1

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. (collectively, "Foremost" or "Plaintiff"), as and for its Complaint against Defendant Tangshan Ayers Bath Equipment Co., Ltd. ("Tangshan Ayers" or "Defendant"), hereby complains and alleges as follows:

## PARTIES

1.     Foremost is a corporation incorporated in and existing under the laws of the State of New Jersey and maintains an address at 906 Murray Road, East Hanover, New Jersey 07936.

2.     Upon information and belief, Tangshan Ayers is a Chinese company with its principal place of business located in Tangshan, Hebei, China 06637.

3.     Ayers Bath (U.S.A.) Co., Ltd ("Ayers") is a corporation maintaining its principal place of business at 10713 Norwalk Boulevard, Santa Fe Springs, CA 90670.  Ayers is a wholly owned and controlled subsidiary of Tangshan Ayers. Upon information and belief, at all times mentioned herein, there existed a unity of interest and ownership between Tangshan Ayers and Ayers such that any individuality and separateness between Tangshan Ayers and Ayers has ceased and Ayers is the alter ego of Tangshan Ayers.

## JURISDICTION AND VENUE

4.     Jurisdiction exists pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Foremost and Tangshan Ayers.

5.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Foremost's claims occurred in this district.

## FACTUAL BACKGROUND

7.     Foremost is a leader in the manufacturing of high-quality furniture and vitreous china including toilets, bathroom vanities, bath accessories, home and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                              2

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1     office furniture, patio and kids' furniture as well as original equipment

2     manufacturer ("OEM") and food service equipment.

3          8.     Since its founding in 1988, Foremost has developed four product

4     divisions (Bathroom Furniture, Outdoor Furniture, Indoor Furniture and Food

5     Service Equipment) that produce world-class goods that offer superior design,

6     engineering and value for consumers and industry.

7          9.     Foremost does not sell its products directly to the public. Rather,

8     Foremost develops regional distribution networks of dealers in specifically

9     researched and targeted, high-volume retail home centers, hardware stores and

10     kitchen and bath showrooms throughout the United States and Canada, including

11     Lowe's, Home Depot, HD Supply and Menards.

12         10.     The strategy of Foremost for developing and maintaining regional

13     networks of dealers is to provide each dealer with products that surpass all

14     competitors in key aspects including, but not limited to, price, style, warranty

15     and quality.

16     **A.**        **Foremost's Exclusive Distribution Agreement**

17         11.     Foremost believed that there was a significant market opportunity in

18     the United States and Canada for the sale of bathroom and sanitary porcelain

19     products manufactured by Tangshan Huida Ceramic Group Co., Ltd. ("Huida") in

20     China. After discussions and negotiations, Huida and Foremost endeavored to

21     pursue the successful introduction and promotion of Huida's bathroom and sanitary

22     porcelain products in the United States and Canada.

23         12.     On October 20, 2000, Huida executed a binding contract with

24     Foremost granting Foremost the exclusive right to distribute Huida bathroom and

25     sanitary porcelain products and toilet parts in the United States and Canada (the

26     "Exclusive Distribution Agreement").

27     / / /

28     / / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1        3

COMPLAINT AND DEMAND FOR TRIAL BY JURY

13.     Pursuant to the Exclusive Distribution Agreement, Huida granted Foremost the exclusive right to distribute all products manufactured by Huida, including toilets and kitchen and bathroom sinks, in the United States and Canada.

14.     Since the execution of the Exclusive Distribution Agreement, Foremost has been the exclusive distributor of Huida's products, including toilets and kitchen and bathroom sinks.

**B.      Tangshan Ayers' Formation and Operation of Ayers**

15.     Ayers was incorporated in California in March 2010.

16.     Tangshan Ayers owns one-hundred (100%) percent of the shares of Ayers.

17.     Upon information and belief, Tangshan Ayers formed Ayers to market and distribute Huida-manufactured products in the United States.

18.     Upon information and belief, Tangshan Ayers provided Ayers with start-up capital in the amount of $200,000.

19.     Ayers was inadequately capitalized for the reasonable costs and risks attendant to its business.

20.     There is substantial overlap of the directors and officers of Tangshan Ayers and Ayers.

21.     Yan Qing Wang, the President of Tangshan Ayers, is a Director of Ayers.

22.     Upon information and belief, Huazhong Dong, a Director of Ayers, is also a Director of Tangshan Ayers.

23.     Upon information and belief, the activities and business of Ayers were carried out without the requisite corporate formalities.

24.     To the extent the Ayers' Board of Directors held any meetings, Ayers failed to keep or maintain minutes of such meetings.

25.     Foremost is informed and believes and thereupon alleges that, at all times herein mentioned, there has existed a unity of interest and ownership between

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                                          4

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Tangshan Ayers and Ayers such that any individuality and separateness between Tangshan Ayers and Ayers has ceased and Ayers is the alter ego of Tangshan Ayers in that, among other things, (a)  Ayers has been a mere shell, instrumentality or conduit through which Tangshan Ayers has carried on its business, exercising complete control, dominance, operation and management of such business to an extent that any individuality or separateness between Ayers and Tangshan Ayers did not exist; (b) Ayers has been a mere shell and sham without sufficient capital or assets or has been so inadequately capitalized that, compared with the business to be done by Ayers and the risks of loss attendant thereto, its capitalization has been illusory; (c) Ayers was intended by Tangshan Ayers as a device to avoid personal liability by substituting a financially insolvent corporation in place of Tangshan Ayers; and (d) the activities and businesses of Ayers were carried out without the requisite corporate formalities.

26.    Foremost is informed and believes and thereupon alleges that adherence to the fiction of the separate existence of Ayers as an entity distinct from Tangshan Ayers would sanction a fraud or promote an unfair, unjust and inequitable result in that, among other things, Ayers was inadequately capitalized and is a mere shell unable to compensate Foremost for the injuries caused by its tortious actions as alleged herein.

**C.    Tangshan Ayers' Affiliation with Huida**

27.    Huida owns seventy-five (75%) percent of Tangshan Ayers.

28.    The Legal Representative/Business Owner of Huida, Huei-wen Wang, was the Legal Representative of Tangshan Ayers until June 28, 2007.

29.    The current Legal Representative of Tangshan Ayers is Yen-ching Wang, the son of the Huei-wen Wang.  Yen-Ching Wang is also designated in the Exclusive Distribution Agreement as Huida's assigned liaison.

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1

5

COMPLAINT AND DEMAND FOR TRIAL BY JURY

30.      Ayers' promotional materials described Ayers as a "wholly owned corporation of Tangshan Ayers Bath LTD which is a sister company to Huida Ceramics Group LTD."

**D.    Ayers' Unlawful Conduct**

31.      Ayers is a distributor of sanitary ware products, including toilets and bathroom sinks.  Ayers also operates and offers its products under the Dofiny brand.

32.      Upon information and belief, Tangshan Ayers and Ayers either knew or should have known about the existence of the Exclusive Distribution Agreement between Foremost and Huida.

**1.      *Approach of Ferguson***

33.      Ferguson Enterprises, Inc. ("Ferguson") is the largest plumbing wholesaler in North America.  Ferguson showrooms offer customers a wide variety of quality products, including bathroom fixtures such as toilets and sinks.

34.      Foremost's relationship with Ferguson began with the provision of toilet seats.  Foremost recently began providing Ferguson with vitreous china toilets and sinks.

35.      The "Mirabelle" line is Ferguson's private label line.  Ferguson purchases products from manufacturers and distributors, such as Foremost, and then offers them to customers under the brand "Mirabelle."

36.      Foremost and Ferguson entered into negotiations regarding the expansion of the parties' relationship to include Foremost's provision of vitreous china toilets specifically for Ferguson's "Mirabelle" line.

37.      Before the parties could reach an agreement, Ferguson alerted Foremost to a potential problem with Foremost's provision of toilets for the "Mirabelle" line.

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                                            6

COMPLAINT AND DEMAND FOR TRIAL BY JURY

38.     Fred Finger, a buyer for Ferguson, informed Jennifer Earl, the Vice President of Product Development for Foremost, that Ayers was distributing toilets manufactured by Huida at costs lower than those being offered by Foremost.

39.     Having both been manufactured by Huida, the toilets being distributed by Ayers are identical to the toilets distributed by Foremost.

40.     Mr. Finger told Ms. Earl that were he to purchase toilets from Foremost and distribute them under the "Mirabelle" line, the Ayers' toilets would be competitive with the Mirabelle toilets.

41.     In August 2011, Mr. Finger informed Robert Kermelewicz, the Executive Vice President of Sales for Foremost, that certain Ferguson branch locations had purchased Ayers' toilets.  Ferguson cannot control what products its branch locations purchase and then package for sale to customers.

42.     The Ayers' toilets were being sold at a lower price then Ferguson proposed to sell Foremost's toilets.

43.     As a direct result, Ferguson refused to enter into a contractual agreement with Foremost for the provision of Foremost's toilets for Ferguson's "Mirabelle" line.

### 2.     *Approach of Lowe's*

44.     Lowe's Companies, Inc. ("Lowe's") is a chain of retail home improvement and appliance stores with over 1,700 locations in the United States and Canada.

45.     Foremost has supplied Lowe's with vitreous china toilets since 2008.

46.     In 2011, Foremost and Lowe's entered into negotiations regarding the expansion of the parties' relationship to include Foremost's provision of Huida-manufactured sinks to Lowe's.

47.     In April 2011, Todd Page, the International Merchandise Manager – Kitchen and Bath for LG Sourcing, Inc., a wholly-owed subsidiary of Lowe's,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1

7

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1  informed Bradley Rannow, a National Account Manager for Foremost, that Ayers

2  had offered to sell Huida-manufactured vitreous china products to Lowe's.

3      48.    Mr. Page informed Mr. Rannow that Ben Liu emailed Mr. Page on

4  behalf of Ayers to sell Huida-manufactured vitreous china products to Lowe's.

5      49.    Tangshan Ayers, through Ayers, offered to sell the Huida-

6  manufactured vitreous china products to Lowe's for a lower price than Foremost

7  could sell its toilets and sinks to Lowe's.

8      50.    As a direct result of Tangshan Ayers', through Ayers, approach of

9  Lowe's, Tangshan Ayers has jeopardized Foremost's business relationship

10  with Lowe's.

11  **3.**     ***Approach of HD Supply***

12      51.    HD Supply is one of the largest wholesale distributors of construction

13  and maintenance products in the United States and Canada.  The products provided

14  by HD Supply include toilets and kitchen and bathroom sinks.

15      52.    Foremost provided HD Supply with sinks manufactured by Huida.

16      53.    Charles Wang of Ayers approached HD Supply on at least two

17  occasions and offered to sell it Huida-manufactured toilets and sinks for less than

18  the price HD Supply was paying to Foremost.

19      54.    In addition, representatives of HD Supply informed Chris Murray, a

20  former sales manager for Foremost, that Ayers was selling Huida-manufactured

21  toilets and sinks in the same market as HD Supply for less than HD Supply was

22  paying Foremost.

23      55.    Upon information and belief, Tangshan Ayers, through Ayers,

24  represented to retail stores and wholesale distributors in HD Supply's market that

25  Ayers imported sanitary ware products directly from Huida and could provide those

26  products for a lower price than Foremost.  HD Supply complained to Foremost that

27  Ayers' provision of Huida-manufactured products in HD Supply's market was

28  undercutting its prices.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1         8

COMPLAINT AND DEMAND FOR TRIAL BY JURY

56.     As a direct result of Tangshan Ayers', through Ayers, approach of HD Supply and sale of Huida-manufactured toilets and sinks in HD Supply's market, Ayers has jeopardized Foremost's business relationship with HD Supply.

**E.     The April Letter**

57.     On April 21, 2011, David Bruce, the Executive Vice President of Foremost, wrote to Mr. Wang and informed him that Foremost had learned that Ayers imported sanitary ware products manufactured by Huida and made those products available to retail stores, wholesale channels and regional dealers in the United States (the "April Letter").

58.     In the April Letter, Mr. Bruce also informed Mr. Wang that Foremost's customers contacted Foremost and notified them of Ayers' attempts to sell Huida sanitary ware products at or below the cost of such products.

59.     Mr. Bruce informed Mr. Wang that Ayers' conduct undercut Foremost's business relationships and damaged the good will that Foremost has developed for more than a decade in its intangible assets, including, but not limited to, customer relationships and market positions.  The April Letter also stated that Ayers' conduct infringed on Foremost's exclusive right of distribution with Huida with respect to sanitary ware products in the United States and Canada.

60.     Finally, Mr. Bruce informed Mr. Wang that Ayers' failure to immediately cease all sales, service and marketing activity would result in Foremost filing a lawsuit and seeking a restraining order to immediately discontinue Ayers' operations as they relate to Huida products.

61.     In July 2011, Mr. Wang responded to Mr. Bruce.  In his response, Mr. Wang denied purchasing products from Huida and asserted that "[Foremost's] accusation that [Ayers] interferes with [the Exclusive Distribution Agreement] is absurd."

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                    9

COMPLAINT AND DEMAND FOR TRIAL BY JURY

F.    **Ayers' Unlawful Conduct Following Its Receipt of the Cease and Desist Letter**

62.    Menards is a chain of home improvement stores in the Midwestern United States. Menards offers a wide variety of products, including toilets and kitchen and bathroom sinks.

63.    Foremost has been attempting to sell Menards its vitreous china products. On May 4, 2011, Foremost attended a "line review" with Menards. A "line review" involves a retailer's evaluation of a potential supplier's products and prices.

64.    During the line review, Foremost provided Menards with detailed information on its vitreous china toilets. Menards decided not to purchase toilets from Foremost at that time.

65.    On July 26, 2011, Mr. Bruce and another Foremost representative entered a Menards store in Indiana and noticed an Ayers' branded toilet prominently displayed in a promotional endcap. The toilet was on sale for $79.00, well below Foremost's market price.

66.    Mr. Bruce purchased two (2) of the Ayers' toilets from Menards. The instruction manual included with each toilet clearly states that the toilets contain parts manufactured by Huida.

67.    The Ayers' branded toilets sold at Menards contain Huida-manufactured component parts, including flush valve assemblies.

68.    The toilets sold by Foremost are also virtually identical to the toilets sold by Ayers to Menards.

69.    In addition, Ayers' website (www.ayersbath.com; www.dofinyusa.com) includes instruction manuals for a number of toilets that are manufactured with Huida parts.

70.    Tangshan Ayers, through Ayers, has interfered and threatened, and continues to interfere and threaten, Foremost's contractually exclusive pursuit of its

1   North American distributorship of Huida bathroom and sanitary porcelain products

2   by contacting and offering to Foremost's current and prospective business partners

3   in the United States and Canada sanitary ware products manufactured by Huida.

4   **G.   Ayers Litigation**

5   71.   On September 12, 2011, Foremost filed a complaint against Ayers in

6   the United States District Court for the Central District of California (the

7   "California District Court"), captioned *Foremost Groups, Inc. f/k/a Foremost*

8   *International Trading Co., Inc. v. Ayers Bath (USA) Corporation*, Civil Action

9   No. CV11-7473 GAF (Ex) (the "Ayers Litigation").

10   72.   Contemporaneously with the filing of the complaint, Foremost sought

11   a preliminary injunction barring Ayers from selling, distributing or offering for sale

12   Huida parts and products in the United States and Canada.

13   73.   At issue in the Ayers Litigation was whether Ayers' distribution of

14   Huida products interfered with Foremost's contractual relations and prospective

15   economic advantage.

16   74.   The California District Court rejected Ayers' argument that its toilets

17   differed from Foremost's in terms of design or specifications, holding that any

18   differences identified by Ayers in comparison photographs were immaterial.

19   75.   The California District Court also noted that the toilets distributed by

20   Ayers contained parts clearly manufactured by Huida.

21   76.   The California District Court found "[s]trong evidence" that Foremost

22   would have continued to reap economic benefits from the Exclusive Distribution

23   Agreement absent Ayers' conduct:

24   [Foremost's Exclusive Distribution Agreement with Huida] generated

25   substantial economic benefit to Foremost for several years and plainly

26   contemplated probable future benefits and economic advantage to Foremost.

27   . . . Foremost sold Tangshan Huida porcelain goods to numerous large retail

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                        11

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1  outlets in the United States for several years and reasonably expected to

2  continue with such sales in the future.

3  77.   The California District Court further opined that Ayers' "efforts to

4  undercut Foremost in the marketplace present[ed] a serious question regarding the

5  wrongful nature of Ayers' conduct":

6  Evidence tending to show efforts to sell product[s] to . . . [Foremost's]

7  clients at any price, let alone at prices below those at which Foremost

8  could purchase the same item, supports an inference that Ayers[]

9  sought to interfere with Foremost's agreement to act as the exclusive

10  distributor of Tangshan Huida products in the United States.

11  78.   Based on Foremost's Exclusive Distribution Agreement and its factual

12  findings, the California District Court concluded that "Ayers engaged in conduct

13  that would defeat the very purpose of that agreement."

14  79.   On December 20, 2011, the California District Court granted

15  Foremost's application for a preliminary injunction against Ayers.  The Order

16  provides, in relevant part:

17  [Ayers] and its officers, agents, servants, employees, and all those in

18  active concert or participation with [Ayers], shall stop selling,

19  distributing and/or offering for sale any and all [Huida] bathroom

20  vitreous china and/or porcelain and sanitary ware parts and products,

21  including but not limited to toilets and kitchen and bathroom sinks, in

22  the United States and Canada in violation of Foremost's exclusive

23  distribution agreement.

24  80.   On March 22, 2013, Ayers filed a voluntary petition under chapter 7 of

25  title 11 of the United States Code in the United States Bankruptcy Court for the

26  Central District of California, *In re Ayers Bath (USA) Co., Ltd.*, Case No. 2:13-bk-

27  17409-RK (the "Ayers Bankruptcy").  As a result, the Ayers Litigation is stayed

28  pursuant to section 362 of the Bankruptcy Code.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                                    12

COMPLAINT AND DEMAND FOR TRIAL BY JURY

# FIRST CLAIM

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

81.     Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 80, inclusive, as if fully set forth herein.

82.     Pursuant to the Exclusive Distribution Agreement, Foremost was in continuous pursuit of future business with retail stores, wholesale channels and regional dealers in the United States and Canada.

83.     Foremost had economic relationships with many prospective customers in the industry that probably would have resulted in economic benefits to Foremost.

84.     Tangshan Ayers and Ayers, who are not party to these relationships or party to the Exclusive Distribution Agreement, have knowledge of the aforesaid relationships.

85.     Tangshan Ayers, through Ayers, intentionally, maliciously and without justification or excuse intended to disrupt the relationships and has unreasonably and actually interfered with Foremost's pursuit of prospective economic gain under the Exclusive Distribution Agreement from the aforesaid customers by importing Huida products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States.

86.     Foremost has a reasonable expectation of economic advantage with the aforesaid prospective customer relationships.

87.     Foremost's prospective customer relationships were disrupted.

88.     Foremost was harmed.

89.     Tangshan Ayers' conduct was a substantial factor in causing Foremost harm.

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                                      13

COMPLAINT AND DEMAND FOR TRIAL BY JURY

## SECOND CLAIM

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

90.     Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 89, inclusive, as if fully set forth herein.

91.     There was a contract between Foremost and Huida.

92.     Pursuant to the Exclusive Distribution Agreement, Plaintiff has a binding contract for the exclusive distributorship of Huida's bathroom and sanitary porcelain products in the United States and Canada.

93.     Tangshan Ayers and Ayers, who are not party to the Exclusive Distribution Agreement, had or should have had knowledge of Foremost's contractual relationship with Huida.

94.     Tangshan Ayers, though Ayers, intentionally, maliciously and without justification or excuse has unreasonably and actually interfered with Foremost's contractual relationship with Huida by importing Huida products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, thereby preventing performance of the contract.

95.     Tangshan Ayers intended to disrupt the performance of Foremost's contract with Huida or knew that that disruption of performance was certain or substantially certain to occur.

96.     Foremost was harmed.

97.     Tangshan Ayers' conduct was a substantial factor in causing Foremost harm.

## THIRD CLAIM

## UNFAIR COMPETITION UNDER STATE LAW

[CALIFORNIA BUS. & PROF. CODE §§ 17200 AND 17203]

98.     Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 97, inclusive, as if fully set forth herein.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1

14

COMPLAINT AND DEMAND FOR TRIAL BY JURY

99.    Foremost has an exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada.

100.    Upon information and belief, by virtue of Tangshan Ayers, through Ayers, importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, Tangshan Ayers has competed, and is competing, unfairly with Foremost to the benefit of Tangshan Ayers and to the detriment of Foremost.

101.    By importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, Tangshan Ayers has maliciously and willfully sought to usurp Foremost's business through unfair competition.

102.    Tangshan Ayers' wrongful conduct as alleged herein constitutes unfair competition and unfair business practices.

103.    Based on the wrongful, unlawful, fraudulent and unfair acts described herein, Tangshan Ayers is in violation of California Business and Professions Code §§ 17200 and 17203.

104.    Tangshan Ayers has profited and is profiting from such unfair conduct.

105.    Foremost is therefore entitled to recover restitution in the form of Tangshan Ayers' profits, in an amount to be proved at trial, as a consequence of Tangshan Ayers' wrongful activities.

## FOURTH CLAIM

## UNFAIR COMPETITION UNDER STATE LAW

[CALIFORNIA COMMON LAW]

106.    Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 105, inclusive, as if fully set forth herein.

107.    Foremost has an exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1

15

COMPLAINT AND DEMAND FOR TRIAL BY JURY

108.   Upon information and belief, by virtue of Tangshan Ayers, through Ayers, importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, Tangshan Ayers has competed, and is competing, unfairly with Foremost to the benefit of Tangshan Ayers and to the detriment of Foremost.

109.   By importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, Tangshan Ayers has maliciously and willfully sought to usurp Foremost's business through unfair competition.

110.   Tangshan Ayers' aforesaid wrongful conduct has been wrongful, unlawful, unfair, fraudulent, willful, wanton and malicious, done with intent, in conscious disregard for the rights of Foremost in violation of California Civil Code § 3294(a).   Foremost is therefore entitled to punitive damages pursuant to California Civil Code § 3294(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.   For monetary damages in an amount to be proven at trial, plus costs and pre-judgment and post-judgment interest and attorneys fees;

2.   For exemplary damages;

3.   For all general, special and equitable relief to which the Plaintiff is entitled by law; and

4.   Such other relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1

16

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1

## JURY DEMAND

Plaintiff, pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, hereby demands a trial by jury as to all issues so triable.

Dated:   January 8, 2014                    DRINKER BIDDLE & REATH LLP

By: _____
William A. Hanssen
Suzanne V. Stouder

Attorneys for Plaintiff
FOREMOST GROUPS, INC. f/k/a
FOREMOST INTERNATIONAL
TRADING CO., INC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 30355440.1                                 17

COMPLAINT AND DEMAND FOR TRIAL BY JURY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Stephen V. Wilson_____ and the assigned Magistrate Judge is _____Ralph Zarefsky_____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-CV-00188-SVW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 9, 2014_____
Date

By  MDAVIS_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC. _____ | ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) ) |
| TANGSHAN AYERS BATH EQUIPMENT CO., LTD. _____ | ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No. CV 14 - 00188 - SVW
(RZ)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
  TANGSHAN AYERS BATH EQUIPMENT CO., LTD.
  South to Huanggezhuang Government
  Fengnan District
  Tangshan, Hebei, China 06637

  A lawsuit has been filed against you.

  Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
  William A. Hanssen (Bar No. 110613)
  Suzanne V. Stouder (Bar No. 161077)
  DRINKER BIDDLE & REATH LLP
  1800 Century Park East, Suite 1400
  Los Angeles, CA 90067

  If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: JAN - 9 2014  _____

*Signature of Clerk or Deputy Clerk*



**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
TANGSHAN AYERS BATH EQUIPMENT CO., LTD.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
William A. Hanssen (SBN 110613)
Suzanne V. Stouder (SBN 161077)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332; Interference with prospective economic advantage and contractual relations; unfair competition.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV14-00188**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

American LegalNet, Inc.
www.FormsWorkFlow.com

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☐ NO   ☒ YES

If yes, list case number(s):  CV11-7473 GAF (Ex)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: January 8, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com